Lawrence, J.
The petitioner in this case was arrested on an affidavit of Alexander S. Williams, captain of the municipal police, of the nineteenth precinct of this city, charged with having on Sunday, the 5th day of June, 1887, sold strong and spirituous liquors, being intoxicating liquors to be drank as a beverage, contrary to and in violation of the statute. He was taken before one of the police justices, for examination, and a habeus corpus was subsequently issued, upon which the petitioner was brought before me. Upon the return to the writ, there was an elaborate discussion in regard to the construction to be given to the act of 1857, and the acts of 1870 and 1873, amending said act. In the view which I take of this case, it will be unnecessary for me to pass upon many of the questions which was discussed by counsel. The act of 1857, chapter 628, is entitled “ An act to suppress intemperance and to regulate the sale of intoxicating liquors.” See Laws of 1857, p. 405. And the 13th section of that act it is provided that “Whoever shall sell any strong or spirituous liquors or wines in quantities less than five gallons at a time, without Laving a license therefor, granted as herein provided, shall forfeit fifty dollars for each offence. ”
It is obvious that the petitioner has no right to sell liquor to anyone, either on Sunday or any other day of the week, without having a license, and it becomes material, therefore, in disposing of this case, to ascertain precisely under what license the petitioner claims the right to sell liquor to anyon eat any time The license was submitted upon the argument, and it reads as follows:
“ The board of commissioners of excise, in and for the city of New York, hereby certify that an application for a license to sell strong and spirituous liquors, wines, ale and beer having been made to them in writing by James H. Breslin, who proposes to keep a hotel, and the commissioners being satisfied that the applicant is of good moral character, that he has sufficient ability to keep a hotel and the *766 necessary accommodations to entertain travelers, and that a hotel is required for the actual accommodation of travelers at the place where such applicant proposes to keep the same, license is granted to said James H. Breslin permit- . ting him to sell and dispose of strong and spirituous liquors, wines, ale and beer in quantities less than five gallons at a time, at 1202 Broadway, to be drank upon said premises (excepting on Sundays, election days, or on any day between the hours of one and five o’clock in the morning), for one year from May 6, 1887, pursuant to chapter 628 of the laws of 1857, and the acts of the legislature supplementary thereto and amendatory thereof. This license is granted and accepted upon the express condition that the licensee^ shall conform to the requirements of said acts of the legislature, and in case of any breach of such condition this license shall immediately be and become null and void.”
I can discover in this license no authority for selling on Sundays. That day is expressly excepted from the days on which a licensee can sell. Irrespective, therefore, of the provisions of the statute which were referred to on the argument, it is quite clear to my mind that the petitioner has no license which permits him to sell on Sunday, and it therefore follows that this writ must be dismissed.